UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GERMANE FLEMONS, | ) |
|                         Plaintiff, | ) |
| v. | )    No.: 21-cv-4184-JBM |
| JEREMIAH HOLT, et al., | ) |
|                         Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, and currently confined at the Illinois River Correctional Center, files a complaint alleging excessive force, deliberate indifference to his serious medical needs and violations of due process at the Bureau County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff pleads that on October 11, 2020, he itold unidentified officers that he wanted to see "mental health" after experiencing "a very stressful few days…" That same day, Plaintiff placed a towel over the door of his cell while using the toilet. Plaintiff then returned to his bed, forgetting to remove the towel. An individual identified as Officer J. removed the towel,

1

dropping it to the floor. Plaintiff asked him to replace it, and the Officer refused, placing the towel on a table, and walking away. Plaintiff picked up the towel and threw it to the floor, demanding a new one. The officer yelled "assault" and began pulling Plaintiff out of the cell. Plaintiff alleges that the officer slammed him about, hitting his arm and hip on the cell bars. This was done in view of another inmate and an unidentified training officer.

Plaintiff pleads that Officer J. took him to ground, yelling at him to stop resisting. The Officer then placed his knee on Plaintiff's lower back, while another Officer, pressed a taser against Plaintiff's leg, not deploying it. It is not clear whether this individual is the previously mentioned training officer or another. Plaintiff was placed in a padded cell where he complained to the training officer that his knees and shins were bleeding and that his hip hurt. The officer returned shortly thereafter with ointment and Band-Aids and later returned Plaintiff to his cell.

Plaintiff alleges that it was two or three days before he was seen by a nurse. When seen, the nurse told him that while he was tender, but nothing was broken. Plaintiff claims, however, that he walked with a limp for a while.

Plaintiff claims that the incident was investigated by Defendant Wiggins, an officer employed by the Jail. Plaintiff alleges that this represents a conflict of interest, not otherwise pleading any allegations against Defendant Wiggins. Plaintiff alleges, without detail, that Defendant Gosch, an Internal Affairs Officer, denied him due process by failing to provide the necessary paperwork to appeal a denied grievance.

Plaintiff goes on to make his vague claims that he was "blamed an accused" and felt as if life was in danger. He does not provide any detail to these allegations or identify any individuals whom he holds responsible. He makes the unrelated claims that another inmate directed racial slurs against him, and it was Plaintiff, rather than the other, who was punished.

Plaintiff makes the incomprehensible claim that Plaintiff's shift partner lied to his sergeant and, while Plaintiff and the sergeant were talking, this individual closed the door on them, and the sergeant did nothing. While Plaintiff claims this was an act of retaliation, it appears that it was another inmate, not an officer who took this action. As a result, there is nothing to support that Plaintiff's constitutional rights were violated by one acting under color of law.

Plaintiff alleges that he has suffered PTSD as a result of this "nightmare," and is on medication. Plaintiff also claims that hip and back hurt on occasion. He requests compensatory damages.

**ANALYSIS**

As Plaintiff is a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, (2nd Cir. 2017). Fourteenth Amendment medical and excessive force claims are reviewed under an objective reasonableness standard. A Plaintiff need establish only that the defendant's conduct was *objectively* unreasonable, not that defendant was *subjectively* aware that it was unreasonable. *See Miranda v. Lake*, 900 F.3d 335 (7th Cir. 2018) at *9, citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (emphasis in original).

While Plaintiff might otherwise state a colorable excessive force claim, here, he only identifies the culpable Defendant as Officer "J." Plaintiff has identified a Jeremiah Holt, and it might well be that this individual is Officer, J., but the Court will not make this assumption. It is also unclear whether Plaintiff intends to plead against the officer who held but did not employ the taser. If so, Plaintiff is to indicate whether this is the previously mentioned training officer or a third individual. Plaintiff will be given leave to replead with more particularity.

Plaintiff's claim of deliberate indifference to his serious medical need are too sparsely pled to state a colorable claim. Plaintiff does not identify any individuals to whom he made these complaints other than the training officer who provided him ointment and Band-Aids. When Plaintiff was seen several days later by a nurse, this individual told him that, while he was "tender", nothing was broken. Plaintiff does not allege that he made any subsequent complaints regarding his injuries and does not identify any individual to whom he made such complaints.

Plaintiff's claims against Defendant Gosch merely concern Defendant's handling of his grievance, and Plaintiff does not have a constitutional right to a grievance process. While the unavailability of a grievance process may excuse a failure to exhaust, it will not sustain an independent constitutional claim. *Kervin v. Barnes*, 787 F.3d 833 (7th Cir. 2015) ("the inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim.")

Plaintiff names Bureau County but does not allege that he was harmed by a County policy so as to be liable under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). *See Sams v. City of Milwaukee,* 117 F.3d 991, 994 (7th Cir. 1997)("a plaintiff must establish that the constitutional deprivation resulted from either an official policy … or from a governmental custom or usage"). While Plaintiff also named Sheriff Reed, Bureau County cannot be held for the actions of the Sheriff as there is no respondeat superior liability under § 1983. *See Franklin v. Zaruba*, 150 F.3d 682, 685-86 (7th Cir. 1998). *Wallace v. Masterson*, 345 F. Supp. 2d 917, 921-22 (N.D. Ill. 2004). The County may be held as a necessary party, however, in a damages suit against the Sheriff in his official capacity as state law requires that the County pay such judgments on behalf of the Sheriff. *Carver v. Sheriff of LaSalle Cty.*, 324

F.3d 947, 948 (7th Cir. 2003). If Plaintiff repleads an official capacity claim against the Sheriff, he may name the County for indemnification purposes only.

While Plaintiff names Sheriff Reed, he does not assert that the Sheriff was aware of these events so as to have been personally liable. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). To the extent that the allegations are construed against Defendant Reed in his official capacity, they fail as Plaintiff has failed to allege that he was injured due to a policy or custom promulgated or allowed by the Sheriff.

Plaintiff names Sgt. Ethan Wright but pleads no allegations against him. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (merely naming a defendant in the caption is insufficient to state a claim.).

Lastly, Plaintiff names the Jail which is not a "person" amenable to suit under §1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001) (a county jail is not a person who acts under color of state law). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("[t]he 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those

individuals whom he holds liable for violating his constitutional rights and otherwise allege facts consistent with the instructions provided by the Court. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.      Plaintiff files [13], a motion for recruitment of pro bono counsel, providing evidence that he has contacted one attorney's office requesting representation. The Court does not find this sufficient to establish that Plaintiff has made a reasonable effort to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [13] is DENIED. In the event Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.


　2/15/2022　                                            　s/Joe Billy McDade　
ENTERED                                                   JOE BILLY McDADE
                                                          UNITED STATES DISTRICT JUDGE