E-FILED
Friday, 01 April, 2022  03:57:42 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GERMANE FLEMONS, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 21-cv-4184-JBM** |
| ) | |
| JEREMIAH HOLT, et al., ) | |
| ) | |
| **Defendants.** ) | |

## <u>MERIT REVIEW – AMENDED COMPLAINT</u>

Plaintiff, proceeding *pro se* and incarcerated at Illinois River Correctional Center, files an amended complaint alleging claims of excessive force, failure to intervene, and deliberate indifference to his serious medical needs at the Bureau County Jail. (Doc. 19). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

On February 15, 2022, the Court dismissed Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A and gave him thirty days to file an amended complaint. (Doc. 17). Plaintiff filed his amended complaint on March 14, 2022. (Doc. 19).

Plaintiff states that on October 11, 2020, he told several officers, including Defendant Ethan Wright, that he wanted to "speak with mental health" after experiencing "a very stressful few days...." *Id.* at 7. That same day, Plaintiff placed a towel over the door of his cell while using the toilet during the night. Plaintiff then returned to his bed, forgetting to remove the towel. An individual, who Plaintiff now identifies in his amended complaint as Defendant Jeremiah Holt, removed the towel, dropping it to the floor. Plaintiff asked him to replace it, and Holt refused, placing the towel on a table, and walking away. Plaintiff picked up the towel and threw it to the floor, demanding a new one. Holt yelled "assault" and began pulling Plaintiff out of the cell. Plaintiff alleges that Holt slammed him about, hitting his arm and hip on the cell bars, as he pulled him outside the view of security cameras. As other inmates watched, Holt took Plaintiff to ground, yelled at him to stop resisting, and placed his knee on Plaintiff's back. An officer, who Plaintiff now identifies as Defendant Rousch, pressed a taser against Plaintiff's leg, but did not deploy it. Plaintiff told Rousch not to hit his head because he previously had a double aneurysm. Plaintiff states that Defendant Dan Smith stood there while the entire altercation unfolded.

Plaintiff was placed in a padded cell where he complained to Smith about his painful hip and elbow and bleeding knees. Smith returned shortly thereafter with ointment and Band-Aids, but no medical care was provided for his hip. Plaintiff was taken back to his cell approximately twenty to thirty minutes later.

Plaintiff continued asking for medical attention for his hip. By this point, he had developed a limp from the pain. He was told that Wright would be in shortly. When Wright started his shift, Plaintiff again requested medical attention for his hip. Wright took photos of his bruised hip, shins, knees, and elbows. Wright told Plaintiff that "[he] would be ok" and said Defendant Rebbeca Gosch would take down his written complaint/grievance.

2

Plaintiff did not see Gosch until five days later, along with Defendant Sheriff James Reed. Gosch told Plaintiff there would be a full investigation by an outside entity that could result in charges. Plaintiff was limping, and he asked Gosch if he could see a doctor about his hip. Plaintiff was allowed to see a nurse, who told him his hip was not broken but might be fractured. He still was not permitted to see a doctor.

Plaintiff claims that Defendant Wiggins investigated the incident "and it was all a conflict of interest." *Id.* at 13. When Plaintiff inquired about the status of the investigation, he was only told that it was not complete.

Plaintiff alleges that Gosch and Wright denied him "due process of grievance." *Id*. He states that Holt was found guilty of a lesser charge of force instead of excessive force and no action was taken against him.

After the incident, Plaintiff states that the Defendants, except for Smith, treated him with a prejudiced demeanor. For instance, when another inmate placed food in a water jug, Plaintiff was punished but the other inmate was not. Plaintiff also makes an incomprehensible claim that Holt's longtime shift partner lied to his superior by saying that Plaintiff yelled at him, and when Plaintiff attempted to explain, someone closed the door in Plaintiff's face.

Plaintiff alleges that he has not been the same since the altercation. He developed PTSD; he experiences nightmares and sleepless nights; his weight fluctuates; and he is now on medication for PTSD and high blood pressure.

Plaintiff brings causes of action for excessive force, failure to intervene, and deliberate indifference and requests compensatory damages. *Id*. at 16-21.

**ANALYSIS**

As Plaintiff was a pretrial detainee when the incident occurred, his claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Fourteenth Amendment medical and excessive force claims are reviewed under an objective reasonableness standard. The plaintiff must only establish that the defendant's conduct was objectively unreasonable, not that the defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Court finds that Plaintiff has stated a plausible excessive force claim against Defendant Jeremiah Holt.

In the previous Merit Review Order, the Court stated that it was unclear whether Plaintiff intended to plead against the officer who held but did not deploy the taser. Plaintiff now names this individual as Defendant Rousch. The Court finds the allegations insufficient to state a plausible excessive force claim against Rousch for allegedly pressing but not activating his taser on Plaintiff's lower calf muscle. Rousch is DISMISSED, without prejudice, for failure to state a claim.

Plaintiff's amended complaint includes a failure to intervene claim, which requires evidence of the following: (i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Based on the allegations, Plaintiff has stated a plausible failure to intervene claim against Defendant Dan Smith, who Plaintiff claims "only stood there during the entire altercation with Jeremiah Holt" and Roush. (Doc. 19 at 10).

Plaintiff's claim of deliberate indifference to his serious medical needs was too sparsely pled in his original complaint to state a colorable claim, as Plaintiff failed to identify any individuals to whom he complained about his injuries other than the officer who provided him ointment and Band-Aids. In his amended complaint, Plaintiff now alleges that he made subsequent complaints regarding his injuries to Defendants Ethan Wright and Rebbeca Gosch. It is alleged that Plaintiff first complained to Wright about his painful hip and limp. It is unclear how long Plaintiff had to wait for any medical care for his hip. At some point, Plaintiff saw a nurse, who told him his hip was not broken but was possibly fractured. Plaintiff asked to see a doctor, but it appears Defendants ignored his requests. Based on these thin allegations, the Court finds that Plaintiff barely states a colorable claim against Defendants Ethan Wright and Rebbeca Gosch for deliberate indifference to his serious medical needs.

While Plaintiff names Sheriff James Reed as a Defendant, he does not assert that the Sheriff was present when the incident occurred. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Sheriff Reed cannot be held liable for the actions of subordinates as there is no respondeat superior liability under § 1983. *See Franklin v. Zaruba*, 150 F.3d 682, 685-86 (7th Cir. 1998); *Wallace v. Masterson,* 345 F. Supp. 2d 917, 921-22 (N.D. Ill. 2004). To the extent that the allegations could be construed against Sheriff Reed in his official capacity, Plaintiff does not allege that he was injured due to a policy or custom promulgated or allowed by the Sheriff. Therefore, Sheriff Reed is DISMISSED with prejudice in his official capacity and without prejudice in his individual capacity for failure to state a claim.

Plaintiff complains about how Gosch and Wright handled his written complaint/grievance, but Plaintiff does not have a constitutional right to the grievance process. While the unavailability of a grievance process may excuse a failure to exhaust, it will not sustain an independent constitutional claim. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[T]he inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim.").

Plaintiff also names Defendant Wiggins, who investigated the incident. Plaintiff alleges the investigation represented a conflict of interest, but otherwise pleads no specific allegations against him. Wiggins is DISMISSED, without prejudice, for failure to state a claim.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim of excessive force against Defendant Jeremiah Holt; a failure to intervene claim against Defendant Dan Smith; and a deliberate indifference claim against Defendants Ethan Wright and Rebbeca Gosch. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Sheriff James Reed is DISMISSED with prejudice in his official capacity and without prejudice in his individual capacity for failure to state a claim. Roush and Wiggins are also DISMISSED, without prejudice, for failure to state a claim. The Clerk is directed to TERMINATE them as parties.

3)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4)      The Court will attempt service on Defendants by mailing a waiver of service. Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5)      If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses

directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)      Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition. Plaintiff shall be provided a copy of all pertinent medical records upon request.

8)      Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)      If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)     Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  4/1/2022

> s/ Joe Billy McDade
> Joe Billy McDade
> United States District Judge